**UNITED STATES v. GORDON.**

**Civil Action No. 480.**

United States District Court,
N. D. Georgia, Gainesville Division.

June 6, 1952.

J. Ellis Mundy, U. S. Atty., N. D. of Ga., and Herbert Ringel, Asst. U. S. Atty., both of Atlanta, Ga., for plaintiff.

Wheeler, Robinson & Thurmond, Gainesville, Ga., for defendant.

SLOAN, District Judge.

At a pretrial conference it was agreed that there was no issue of fact involved in the matter in litigation and that the same should be determined by the Court without a jury upon motions for judgments to be filed by both parties. Such motions have been filed and the matter is now before the Court for determination.

### Findings of Fact.

The defendant, Mose W. Gordon, Sr., his wife, Mrs. Katherine Gordon, his son, Mose W. Gordon, Jr., and his daughter, Marthella Gordon, conducted a lumber business at Commerce, Georgia, under the firm name of Mose Gordon Lumber Company.

Income tax returns were made by the partnership as such for the years 1942, 1943 and 1944.

The defendant made an individual income tax return for each of the years above specified.

The plaintiff disallowed the partnership for income tax purposes and taxed the entire income disclosed by the partnership returns to the defendant, Mose W. Gordon, Sr.

On January 27, 1947, the defendant, Mose W. Gordon, Sr., upon demand made upon him by the U. S. Collector of Internal Revenue, paid to said Collector the sum of $63,928.55, including principal and interest, which plaintiff contended he was due by

reason of the disallowance of the partnership.

On July 3, 1947, the defendant paid to the Collector of Internal Revenue the sum of $11,999.48 in addition to the amount paid January 27, 1947, making a total amount paid by the defendant to the plaintiff of $75,928.03. This represented the amount of additional tax assessed against the defendant as a result of the disallowance of the partnership.

On September 25, 1948, the defendant, after having paid said sum of $75,928.03, filed a suit against the Collector of Internal Revenue of Atlanta, Georgia, to recover said amount as an overpayment of taxes.

While said suit was pending the defendant submitted to the plaintiff an offer in compromise dated September 25, 1948, whereby he made an offer "to recognize a further tax liability of 22% (twenty-two per cent) of the tax deficiency arising by reason of disallowing the partnership for Federal income tax purposes for the fiscal years ending September 30, 1942, 1943 and 1944, * * *." included in the suit filed by defendant against the Collector of Internal Revenue and to redetermine the tax due for the years 1945, 1946 and 1947.

Subsequently to the offer mentioned in the foregoing paragraph, and on January 18, 1949, the defendant submitted to the Department of Justice of the United States and to the Assistant Attorney General an offer to increase "the offer in compromise contained in the above letter (September 25, 1948), to 32% instead of 22% on condition that * * *" he received notice within two weeks from that date, January 18, 1949, of the acceptance of that offer as then amended. Thereafter on January 29, 1949, the Honorable Theron L. Caudle, Assistant Attorney General, in behalf of the Department of Justice, sent to A. C. Wheeler, one of counsel for Mose W. Gordon, Sr., a telegram which read:

"Your offer in compromise of January 18, 1949 accepted. Letter follows." This telegram was signed:

"Theron L. Caudle Asst. Attorney General, Department of Justice, Washington."

Following that telegram, the said Assistant Attorney General wrote to Wheeler, Robinson & Thurmond, attorneys for Mose W. Gordon, Sr., attention: A. C. Wheeler, a letter which read:

"By letter of September 25, 1948, addressed to the United States Attorney, Macon, Georgia, you have submitted an offer in compromise of the above case. The offer is to recognize a further tax liability of 22% of the deficiencies arising by reason of disallowing for federal income tax purposes a certain partnership claimed to exist between taxpayer and his wife, son and daughter for the fiscal years 1942–1944 inclusive (subject to the present litigation); and to redetermine the tax liability for the years 1945–1947 on the same basis. By letter of January 18, 1949, you submitted an improvement of this offer under which you increase to 32% the original 22% figure.

"By telegram of January 28, 1949, you were advised as follows: 'Re Mose Gordon versus Allen. Your offer in compromise of January 18, 1949, accepted. Letter follows.' This is to confirm that the offer in compromise has been accepted by the Attorney General. The Chief Counsel for the Bureau of Internal Revenue has been authorized and directed to proceed with the issuance of a refund in such amount as may be found due in accordance with computations made under the settlement, with statutory interest. The Chief Counsel has also been authorized and directed to take such other and further action as may be appropriate to implement the settlement. The United States Attorney, Macon, Georgia, has been advised of this action. Please deposit with him a motion to dismiss the above action with prejudice. Such motion will be held by him in escrow until the refund is made, and will then be filed with the Court.

Sincerely yours,
For the Attorney General
Theron L. Caudle,
Assistant Attorney General."

In pursuance of the telegram and letter above outlined, defendant, Mose W. Gor-

don, Sr., through his counsel, dismissed his action against the Collector of Internal Revenue for the Atlanta District with prejudice.

The plaintiff thereafter paid to the defendant by a check dated July 12, 1949, the sum of $67,855.54.

### Conclusions of Law.

The Court having found that the amount of additional taxes assessed against Mose W. Gordon, Sr., resulting from the disallowance of the partnership was $75,-928.03, and that of this amount the defendant paid to plaintiff on January 27, 1947, $63,928.55 and that he further paid to the plaintiff on July 3, 1947, $11,999.48, and that a compromise was agreed upon whereby the defendant would assume 32% of that amount, it follows, as a matter of law, that the plaintiff was liable to pay back to the defendant 68% of $75,928.03 with interest on 68% of $63,928.55 from January 27, 1947, until July 12, 1949, and 68% of $11,999.48 from July 3, 1947 to July 12, 1949, at the rate of 6% per annum, and that the plaintiff would be entitled to a judgment against the defendant for the difference between these amounts and $67,855.54.

A compromise agreement between the plaintiff and the defendant was and is binding upon both. 26 U.S.C.A. § 3761(a).

A judgment in accordance with the above findings of fact and conclusions of law may be presented.